```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

CRISTOBAL POLANCO,               :
        Petitioner,              :
                                 :    Crim. No. 3:97cr63 (AHN)
v.                               :    Civ. No. 3:01cv2212 (AHN)
                                 :    Civ. No. 3:05cv1559 (AHN)
UNITED STATES OF AMERICA,        :
        Respondent.              :
```

RULING ON PENDING MOTIONS

On October 29, 1997, petitioner Cristobal Polanco ("Polanco") pleaded guilty to two counts of conspiracy to possess heroin with intent to distribute.  The court sentenced Polanco to fourteen-years imprisonment and five-years supervised release.  She filed a notice of appeal, but the Second Circuit dismissed her appeal on April 5, 1999 after she failed to prosecute it.  On November 26, 2001, Polanco filed a "Motion under 18 [U.S.C.] § 3582(c)(2) for Reduction of Sentence Based on Guideline Amendment Effective November 1, 2000" [97cr63, doc # 725; 01cv2212, doc # 1].  On September 26, 2005, Polanco filed a petition for a writ of habeas corpus [05cv1559, doc # 1], pursuant to 28 U.S.C. § 2255, alleging that her sentence violated the rule established in United States v. Booker, 543 U.S. 220 (2005).  For the following reasons, Polanco's motion for a reduction of sentence and her § 2255 petition are DENIED.

Polanco's motion for a reduction of sentence was docketed as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255.  In fact, her motion does not invoke § 2255, but relies

instead on 18 U.S.C. § 3582(c)(2), which permits the court to reduce the term of a defendant's imprisonment if the United States Sentencing Commission lowers the guideline range applicable to the defendant subsequent to her sentencing. Polanco's § 3582(c)(2) motion appears to be a preprinted form that she completed with information about her July 31, 1998 sentencing. Although the motion is subtitled "Concerning Duplicitous Enhancement under U.S.S.G. § 2K2.1(B)(5)," Polanco has indicated "no" beside the preprinted question "Were you enhanced under § 2K2.1(B)(5)?" The transcript of Polanco's sentencing confirms that the court never enhanced her sentence under this provision, which relates to the use of firearms. Thus, Polanco cannot avail herself of the guideline amendment and her § 3582(c)(2) motion indicates no other basis for a reduction in her sentence. Polanco's motion is therefore denied.

Because the court construes Polanco's first submission to the court as a motion pursuant to 18 U.S.C. § 3582(c)(2) rather than a § 2255 petition, the court will treat the habeas petition Polanco filed on September 26, 2005 as her first § 2255 petition. Thus, although the government contends that Polanco's September 26, 2005 filing is a successive petition, which she filed without the authorization of the Second Circuit Court of Appeals pursuant to 28 U.S.C. § 2244, the court determines that Polanco's § 2255

petition is properly before the court.[1]  Nonetheless, the court concludes that Polanco's § 2255 petition fails as a substantive matter.

Polanco alleges in her § 2255 petition that the court violated her Sixth Amendment rights by enhancing her sentence based on facts not found by a jury.  However, Polanco may not avail herself of Booker, because the rule established by that case is not retroactive.  The Second Circuit held in Guzman v. United States, 404 F.3d 139 (2d Cir. 2005), that Booker "does not apply to cases on collateral review where the defendant's conviction was final as of January 12, 2005."  Id. at 144.  Thus,

---

[1] Both Polanco and the government treat Polanco's September 26, 2005 petition as a successive petition, but the court declines to construe it as such.  Much of this confusion appears to have arisen because Polanco apparently drafted a § 2255 petition in 2001 raising claims of ineffective assistance of counsel and violations of Fed. R. Crim. P. 11 and 32, and served it on the government but never filed with the court.  See Polanco § 2255 Pet., at 3 [05cv1559, doc # 1].  The government's response [97cr63, doc # 729] to the court's order to show cause addresses arguments raised in Polanco's unfiled § 2255 petition, and not, as indicated on the docket sheet, claims raised by her § 3582(c)(2) motion.  Polanco's first memorandum of law [97cr63, doc # 729] , which is docketed as a memorandum in support of her § 2255 petition, raises claims under Blakely v. Washington, 542 U.S. 296 (2004), and thus does not appear to be a memorandum in support of either her misdocketed § 3582(c)(2) motion or her unfiled § 2255 petition, both of which Polanco drafted at least three years before the memorandum of law was filed.  Because Polanco's memorandum in support of her September 26, 2005 § 2255 petition [05cv1559, doc # 1], discusses the application of both Blakely and its federal analogue, Booker, to her case, the court has disregarded her earlier memorandum of law [97cr63, doc # 729].

3

because Polanco's conviction became final in 1999, well before the Supreme Court decided Booker, she may not rely substantively on the new rule established by that case to collaterally attack her sentence.[2]

For the foregoing reasons, Polanco's motion for a reduction in sentence [97cr63, doc # 725; 01cv2212, doc # 1] and petition for a writ of habeas corpus [05cv1559, doc # 1] are DENIED. Because petitioner fails to make a substantial showing of the denial of a constitutional right, a certificate of appealability

---

[2] For virtually the same reason, Polanco's petition is also barred by the time limit for § 2255 petitions established by the Antiterrorism and Effective Death Penalty Act of 1996.  Pursuant to that statute, a § 2255 petition must be filed within one year of the latest of:
    (1) the date on which the judgment of conviction becomes final;
    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
See 28 U.S.C. § 2255.  Polanco appears to contend that although her sentence became final in 1999, she filed this petition within one year of the Supreme Court's decision in Booker.  However, neither Booker nor any subsequent Supreme Court decision has made the rule in Booker "retroactively applicable to cases on collateral review," and the Second Circuit explicitly rejected this proposition.  See Guzman v. United States, 404 F.3d 139, 140 (2d Cir. 2005).  Thus, Polanco's claims are time-barred.

shall not issue.  <u>See</u> 28 U.S.C. § 2253.

So ordered this 15th day of June, 2006, at Bridgeport, Connecticut.

                              _____/s/_____
                              Alan H. Nevas,
                              United States District Judge